UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Government,

              -v.-

JAMAR DAVIS,

                        Defendant.

16-CR-339 (RMB)

**DECISION & ORDER**

On or about April 27, 2023, Defendant Jamar Davis ("Davis" or "Defendant") filed a second *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c), contending, as he had in his first such motion, that there are extraordinary and compelling reasons which justify his early release. (*See* Mot. for Compassionate Release, dated Apr. 27, 2023 ("2023 Mot.").)[1] Davis argues, among other things, that (1) he has "chronic asthma" and "severe anxiety;" (2) he is "deprived of psycholog[ical] [care];" and (3) he has been "mistreated" by prison officials. (*See* 2023 Mot. at 2–3.) **For the reasons set forth below, Davis' 2023 Motion is respectfully denied.**[2]

**I.    Background**

Davis was a member of a Bronx criminal gang that sold crack cocaine and "committed at least two shootings," resulting in permanent injury to an innocent bystander. (Presentence Investigation Report, dated May 1, 2017 ("PSR"), ¶¶ 10–11; *see also* Sent'g Tr., dated June 29, 2017 ("Tr."), at 4:3.) In 2017, Davis pleaded guilty to one count of using and discharging a firearm in relation to a drug trafficking crime and was sentenced to 120 months' imprisonment. (Tr. at

---

[1] (*See* Mot. for Compassionate Release, dated Oct. 5, 2020 ("2020 Mot."); *see also* 2021 Decision & Order, dated Jan. 6, 2021 ("2021 Order").)
[2] **Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.**

1

3:12–15, 12:19.)  His projected release date is March 1, 2026.  *See* Federal Bureau of Prisons ("BOP"), *Inmate Locator*, https://www.bop.gov/inmateloc/.

On November 24, 2020, Davis filed his first motion for compassionate release contending that his "chronic asthma" and "severe anxiety" support his early release from USP Allenwood.[3] (2020 Mot. at 2.)  In denying Davis' first motion, the Court determined that (1) Davis had not met his burden of proving that his asthma or his anxiety were serious conditions constituting extraordinary and compelling reasons for his release, and (2) "compassionate release would be inconsistent with the goals of sentencing," including protecting the public.  (2021 Order at 4, 9.)

On December 12, 2022 and December 24, 2022, Davis submitted letters to the Court which asserted numerous complaints about the conditions of his confinements at FCI Beckley and USP Allenwood.  (*See* Davis Ltr., dated Dec. 12, 2022; *see also* Davis Ltr., dated Dec. 24, 2022.)  Davis contended, among other things, that he was repeatedly refused medical care and was otherwise mistreated.  (*See id.*)  On March 8, 2023, the Court construed Davis' letters as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and transferred the petition to the Middle District of Pennsylvania, the district where Davis was then confined.  (*See* Decision & Order, dated Mar. 8, 2023 ("2023 Order"), at 2.)

On or about April 27, 2023, Davis filed the instant or second motion for compassionate release.  He again contended that he suffers from chronic asthma and severe anxiety and alleged mistreatment during his confinement.  (2023 Mot. at 3.)  The Government opposed Davis' motion on June 13, 2023, arguing that (1) Davis has not exhausted his administrative remedies; (2) Davis "has . . . failed to meet his burden of proving that 'extraordinary and compelling' circumstances

---

[3] Davis was previously incarcerated at USP Allenwood, in the Middle District of Pennsylvania, and is now incarcerated at USP Florence, in the District of Colorado.  *See* BOP, *Inmate Locator*, https://www.bop.gov/inmateloc/.

warrant his early release;" and (3) "the sentencing factors set forth in § 3553(a)—including [Davis'] obvious dangerousness to the community—counsel heavily against immediate release." (Gov't Opp., dated June 13, 2023 ("Gov't 2023 Opp.") at 9–10.)

## II. Legal Standard

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The court may not grant a motion for compassionate release unless it finds that (1) "extraordinary and compelling reasons merit reducing the sentence," and (2) "the [18 U.S.C.] 3553(a) [sentencing] factors warrant the reduction." *United States v. Bennett,* No. 15-CR-95, 2022 WL 3445349, at *2 (S.D.N.Y. Aug. 17, 2022) (citation omitted).

"[A]rguments challenging the conditions of . . . confinement are properly brought in a habeas petition under 28 U.S.C. § 2241, not a motion for compassionate release." *United States v. Miller*, No. 12-CR-368, 2021 WL 2716205, at *5 (S.D.N.Y. July 1, 2021).

## III. Analysis

### Davis' (Second) Motion for Compassionate Release

The Government argues that "[t]here is no record" that Davis has submitted this compassionate release request to the BOP as required under 18 U.S.C. § 3582(c)(1)(A). (Gov't 2023 Opp. at 9.) At the same time, Davis has provided to the Court a copy of a request to the BOP which the BOP Regional Counsel Office, located in Philadelphia, stamped "Received" on December 29, 2022, approximately four months before Davis submitted his April 27, 2023 motion. (*See* 2023 Mot. at 1, 3.) "Because more than thirty days have passed since [Davis] petitioned BOP

3

for compassionate release, he is deemed by statute to have exhausted his administrative remedies." *United States v. Burman*, No. 16-CR.-190, 2020 WL 3182766, at *2 (S.D.N.Y. June 13, 2020).

Although Davis appears to have met the exhaustion requirement, his motion for compassionate release fails on the merits. The Court has already found (in response to Davis' first motion for compassionate release) that "Davis' BOP medical records suggest that he has relatively mild and infrequent asthma and anxiety, both of which are treated with medication as needed." (*See* 2021 Order at 3.) And, as the Court had also previously found, "Davis has not shown that his asthma condition presents an increased risk for severe COVID-19 illness," and he has not established an extraordinary or compelling reason for a sentence reduction. (2021 Order at 4.) Davis has presented no new evidence that his conditions warrant compassionate release.

It appears that COVID-19 poses less of a health risk to inmates now than it did in 2021. *See, e.g.*, *United States v. Malloy*, No. 07-CR-898, 2023 WL 2237504 at *4 (S.D.N.Y., Feb. 27, 2023) ("risks that were heightened at the onset of the pandemic have largely been reduced or been under control at this late stage of the pandemic"). And, Davis' medical records, dated May 23, 2022 to April 18, 2023, indicate that Davis has seen mental health clinicians on a number of occasions, and that his mental illness is being managed with medication. (*See* Gov't 2023 Opp., Ex. A, at 12–13 (sealed BOP medical records).) Where, as here, medical records show that conditions are being treated, the applicant's "issues do not meet the extraordinary and compelling standard" to justify compassionate release. *United States v. Mutimura*, No. 19 CR. 592, 2022 WL 220079, at *3 (S.D.N.Y. Jan. 25, 2022).

In addition, the 18 U.S.C. § 3553(a) sentencing factors weigh against Davis' release. As the Court found in 2021, Davis poses a danger to the community in light of his criminal history of firearms and drug trafficking. (*See* 2021 Order at 4.) Davis contends, without support, that he no

4

longer poses a threat to the community because he has "stay[ed] on the right track" during his incarceration. (2023 Mot. at 4.) The Court hopes that Davis is on a positive path, but notes that his BOP disciplinary record suggests otherwise. (*See* Gov't 2023 Opp. at 5–6 (BOP disciplinary records reflecting involvement in violent incidents, including on July 8, 2022).) A sentence reduction would "undermine the goals of the original sentence" and would not serve to deter violent crimes, nor would it protect the community. *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020).

### § 2241 Petition

Davis also reiterates the allegations in his December 12, 2022 and December 24, 2022 letters, including that he has been "drenched with mace" and "jumped on with a shield" by prison officers. (2023 Mot. at 3–4.) These allegations challenge BOP's execution of Davis' sentence and were properly transferred under 28 U.S.C. § 2241 to the district where Davis was incarcerated. (*See* 2023 Order at 4; *see also supra* p. 2); *Miller*, 2021 WL 2716205, at *5.

### IV.  Conclusion & Order

For the foregoing reasons, Davis' Motion for Compassionate Release [#109] is respectfully denied. The Clerk of the Court is requested to send a copy of this Decision & Order to Davis and to close this case.

Dated: July 7, 2023  
New York, New York

*Richard M. Berman*  
**RICHARD M. BERMAN, U.S.D.J.**