UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Government,<br><br>    -v.-<br><br>JAMAR DAVIS,<br><br>       Defendant. | 16-CR-339 (RMB)<br><br>**ORDER** |

**For the reasons set forth below, Jamar Davis' Motion for Compassionate Release, submitted on or about December 13, 2023, is respectfully denied.[1]**

**I Background**

On February 8, 2017, Davis pleaded guilty to one count of "using and carrying a firearm which was discharged during and in relation to a drug trafficking crime." (Plea Hr'g Tr., dated Feb. 8, 2017, at 7:21-25, 8:11 (ECF No. 36).) On May 15, 2017, Davis was sentenced to 120 months of incarceration (which was the statutory mandatory minimum) followed by 5 years of supervised release. (Judgment, dated May 15, 2017, at 1–3 (ECF No. 52).). His Criminal History Category was V. (Presentence Investigation Report, dated May 1, 2017 ("PSR"), ¶ 35 (ECF No. 49).)

On or about December 13, 2023, Davis filed the instant *pro se* motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release, contending that he (1) has "chronic asthma" and "anxiety;" and (2) has been "rehabilitated." (*See* Def. Mot. For Compassionate Release, filed Dec. 13, 2023, ("Third Motion for Compassionate Release") at 13, 15 (ECF No. 114).) The Government

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Order have been considered by the Court and rejected.**

1

responded on January 4, 2024, contending that (1) Davis has "failed to exhaust administrative remedies;" (2) there "are no extraordinary and compelling reasons for release;" and (3) the Section 3553(a) factors "weigh heavily against" Davis's early release. (Gov't Ltr. in Opp., dated Jan. 4, 2024 ("Gov't 2024 Opp."), at 7, 9 (ECF No. 116).)[2]

The instant motion is Davis' third compassionate release motion. His first motion was filed on or about November 24, 2020. (*See* Def. Mot. for Compassionate Release, dated Oct. 5, 2020 (ECF No. 96).) It was denied on the grounds that (1) "Davis has not met his burden of proving that his asthma or his anxiety are serious conditions" that would constitute extraordinary and compelling reasons for early release, and (2) "Davis's compassionate release would be inconsistent with the goals of sentencing." (2021 Decision & Order, dated Jan. 6, 2021 ("2021 Order"), at 4, 9 (ECF No. 102).) The second motion was also denied on the grounds that (1) "Davis has not shown that his asthma conditions . . . established an extraordinary and compelling reason a sentence reduction," and (2) the "sentencing factors weigh against Davis' release." (Decision & Order, dated July 7, 2023 ("2023 Order"), at 4 (ECF No. 113).)

## II      Legal Standard

Prior to moving for compassionate release under 18 U.S.C. § 3582(c)(1)(A), a defendant must exhaust his administrative remedies, usually by presenting the claims to the BOP (warden) and showing the lapse of 30 days following BOP's receipt of the claim without the warden bringing a motion for compassionate release on the defendant's behalf. *See* 18 U.S.C. § 3582(c)(1)(A).

---

[2] Along with his compassionate release motion, Davis presented arguments concerning the "conditions of [his] confinement," including that he was "not afforded the opportunity to buy hygiene" products. (Def.'s Ltrs., filed Dec. 13, 2023, at 37 (ECF No. 114).) Such claims concerning "physical confinement" lie in the district of confinement. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *see also* 28 U.S.C. § 2241. Accordingly, the Court transferred the physical confinement arguments to the district where Davis is incarcerated. (Order, dated Feb. 27, 2024 (ECF No. 117), *transfer to the District of Colorado pending.*)

2

"Successive compassionate release motions must independently satisfy the exhaustion requirement." *United States v. Cain*, No. 1:16-cr-00103, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (citing *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

The court may not grant a motion for compassionate release unless it finds that (1) extraordinary and compelling reasons merit reducing the sentence, and (2) the 18 U.S.C. § 3553(a) sentencing factors warrant the reduction. *See United States v. Bennett*, No. 15-CR-95, 2022 WL 3445349, at *2 (S.D.N.Y. Aug. 17, 2022) (citation omitted). "[I]n considering the section 3553(a) factors, [courts] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020).

### III. Analysis

No Exhaustion of Remedies

The Government argues that Davis "has failed to exhaust administrative remedies" because, although Davis has provided administrative requests for compassionate release with his previous motions, "[t]here is no record of a more recent request for compassionate release" to the warden. (Gov't 2024 Opp. at 7). It appears that Davis has not demonstrated exhaustion of his administrative remedies in connection with this motion. (*See* 2021 Order at 3; 2023 Order at 3–4.)

Whether or not Davis has exhausted administrative remedies, his motion fails on the merits, as shown below.

No Extraordinary and Compelling Reasons

Davis argues, among other things, that compassionate release is warranted principally because he (1) has "chronic asthma" and "anxiety;" and because he (2) has been "rehabilitated."

3

(*See* Third Motion for Compassionate Release at 13, 15.) The Government contends that Davis has (again) failed to meet his burden of proving that extraordinary and compelling circumstances warrant his early release. (*See* Gov't 2024 Opp. at 7–8).

Davis' BOP medical records show that he has relatively mild and infrequent asthma and anxiety, both of which are treated with medication as needed. (*See* Gov't 2023 Opp. Ex. B., at 1–7 (sealed BOP medical records).) Davis has not established an extraordinary or compelling reason for a sentence reduction. He has presented no new conditions, medical needs, or other changes since May 2023, when he filed the earlier motions that this Court denied. (*See* Gov't 2024 Opp. at 6; *see also* 2023 Order at 4 (describing Davis' medical concerns in May 2023 as "relatively mild and infrequent asthma and anxiety").) Davis' medical records show that he has been able to receive medical care and attention (including on December 11, 2023, June 13, 2023, June 1, 2023, and April 18, 2023) and that he was recently prescribed medication for anxiety. (*See* Gov't 2023 Opp. Ex. B., at 1–7 (sealed BOP medical records).)

<u>3553(a) Factors Weigh Against Davis' Early Release</u>

The 18 U.S.C. § 3553(a) sentencing factors weigh against Davis' early release. The Court found at sentencing that Davis engaged in repeated acts of violence and, on multiple occasions, created "grave risk to a person, whether it be a gang-involved target or a mere bystander or passerby [who] would be shot dead in the street." (Sent'g Tr., dated May 15, 2017, at 7:4-9 (ECF No. 60); *see, e.g., United States v. Garcia*, No. 16–CR–719, 2020 WL 2539078, at *3 (S.D.N.Y. May 19, 2020) ("The Court's reasons for imposing a sentence . . . are just as applicable [when denying compassionate release] as they were [at the time of sentencing].).)

The Court acknowledges and supports Davis' achievements and laudable goals, including having received no recent drug infractions, obtaining his GED, completing the Bureau

4

Rehabilitation and Values Enhancement (BRAVE) Program and Drug Abuse Education Course. (Third Motion for Compassionate Release at 1, 3, 15, 21, 25, 27.) The Court commends Davis for his progress, especially given a "long history of drug abuse." (Third Motion for Compassionate Release at 15; *see also* Gov't 2024 Opp. at 5.) At the same time, Davis has not presented extraordinary and compelling circumstances to merit compassionate release and the § 3553(a) sentencing factors weigh against Davis' release. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021).

### IV. <u>Conclusion & Order</u>

For the foregoing reasons, Davis' Motion for Compassionate Release [ECF No. 114] is respectfully denied. The Clerk of the Court is requested to send a copy of this Decision & Order to Davis.

Date: New York, New York  
February 27, 2024

*RMB*  
**RICHARD M. BERMAN, U.S.D.J**